IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20754
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE LEONARD PHILLIPS,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 96-CR-47-2
- - - - - - - - - - -
September 18, 1997

Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Clarence Leonard Phillips appeals his sentence in a guilty-plea conviction for conspiracy with intent to distribute a mixture containing cocaine in violation of 21 U.S.C. § 846 (count one) and aiding and abetting possession with intent to distribute a mixture containing cocaine in violation of 18 U.S.C. § 841(a)(1) (count two). He argues that the district court erred in calculating the criminal history category and in declining to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence him below the statutory minimum under the safety-valve provision.

We have reviewed the briefs and the record and find no error.  The district court properly counted the deferred adjudication as a prior sentence under the guidelines.  See United States v. Giraldo-Lara, 919 F.2d 19, 22 (5th Cir. 1990).  The one-point assessment for the marijuana conviction was not error because the marijuana and gambling convictions were not "related" as defined by the guidelines.  See United States v. Velazquez-Overa, 100 F.3d 418, 423 (5th Cir. 1996); U.S.S.G. § 4A1.2, comment. (n.3).  Even if the two convictions had been considered "related," the criminal history category II would have remained the same; therefore, any error would have been harmless.  Because Phillips had more than one criminal history point, the safety-valve provision did not apply.  See § 5C1.2(1).  Accordingly, the judgment of the district court is AFFIRMED.